## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

Case No. **18-32633 KAC**

In re:

GARY W. ATKINSON

Debtor.

**NOTICE OF HEARING ON
CONFIRMATION OF MODIFIED PLAN
(PRE-CONFIRMATION)**

**TO:   DISTRICT OF MINNESOTA, CLERK OF COURTS**

PLEASE TAKE NOTICE that hearing will be held on confirmation of the Debtor's
<u>Modified</u> Chapter 13 Plan, dated March 12, 2019, before the Honorable Katherine A.
Constantine in US Courthouse, Courtroom 2C, 316 North Robert Street, St. Paul, Minnesota
55101, on **Thursday, April 11, 2019 at 10:30 a.m.** or as soon thereafter as counsel can be
heard.

**DATED:** March 12, 2019

**/e/ JOHN D. LAMEY III, ESQ.**
LAMEY LAW FIRM, P.A.
John D. Lamey III, Esq.
980 Inwood Avenue North
Oakdale, MN 55128
651.209.3550
Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**GARY WARD ATKINSON**

Case no.: **18-32633 KAC**
CHAPTER 13 PLAN ☐ Modified
Dated: **March 12, 2019**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NON-STANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtors must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☑ Included | ☐ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1 As of the date of this plan, the debtor has paid the trustee $__.
2.2 After the date of this plan, the debtor will pay the trustee $ **250.00 \*** per **Month** for **60** months beginning in **September** (mo.) of **2018** (yr.) for a total of $ **21,300.00** .The initial plan payment is due not later than 30 days after the order for relief.
2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **0.00** .
2.5 The debtor will pay the trustee a total of $ **21,300.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will make payments only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **2,130.00** [line 2.5 x .10]

**Part 4.    ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|---|
| 4.1 | **ST PAUL FEDERAL CREDIT UNION** | $50.00 | 8 | $400.00 |
| | TOTAL | | | $400.00 |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] — NONE.**

**Part 6. CLAIMS NOT IN DEFAULT — NONE.**

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e)) — SEE PART 17 BELOW.**

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| 8.1 | **EVERGREEN COMMUNITY ASSOCIATION** | $3,006.95 | 0% | $107.39 | 9 | 28 | $3,006.95 |
| | TOTAL | | | | | | $3,006.95 |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in plan this Part control over any contrary amount except for secured claims of governmental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after**

**confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

| | Creditor | Claim amount | Secured Claim | Interest Rate | Begin-ning in month # | | (Monthly payment) | X Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | IRS | $3,067.28 | $3,068.00 | 6.0 | 9 | $ | 68.57 | 50 | $3,428.42 | $0.00 | $3,428.42 |
| 9.2 | ST PAUL FEDERAL CREDIT UNION | $1,250.00 | $1,250.00 | 5.0 | 9 | $ | 48.55 | 20 | $971.08 | $400.00 | $1,371.08 |
| | TOTAL | | | | | | | | | | $4,799.50 |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325) (910 vehicles and other things of value)(allowed filed secured claim controls over any contrary amount):** NONE.

**Part 11.  PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | Attorney Fees | $1,375.00 | $175.00 | 1 | 8 | $1,375.00 |
| 11.2 | IRS | $8,321.21 | $PRO-RATA | 9 | 51 | $8,321.21 |
| 11.3 | MINNESOTA DEPT OF REV | $1,412.19 | $PRO-RATA | 9 | 51 | $1,412.19 |
| | TOTAL | | | | | $11,108.40 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** NONE.
**Part 13.  SEPARATE CLASSES OF UNSECURED CLAIMS** — NONE.

**Part 14.  TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $ __255.15__ [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1      The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ __0.00__ .

14.2      The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $ __293,196.71__ .

14.3      Total estimated unsecured claims are $ __293,196.71__ [lines 14.1 + 14.2].

**Part 15.  TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16.  SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** NONE.

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | *The plan is a step plan which will pay as follows: $250.00 Monthly for 24 months, then $425.00 Monthly for 36 months |
|------|------|

| 17.2 | The trustee may distribute funds not allocated above at his discretion. |
|------|------|
|  | Approval by the Court or the Chapter 13 Trustee shall not be required prior to the debtor incurring consumer debt while this case is pending, but the holder of a claim against the debtor based upon such debt is subject to §1305. the Chapter 13 plan as additional plan payment. |
|  | MORTGAGE MODIFICATION PROVISION - CITIMORTGAGE, INC. AND ST. PAUL FEDERAL CREDIT UNION: The Debtor will apply with CitiMortgage, Inc. and St. Paul Federal Credit Union for a loan modification on the 1st and 2nd mortgages by March 20, 2019, and agrees to make payments according to the loan modification agreement. The pre-petition arrears will be paid through the loan modifications, if approved. CitiMortgage, Inc. and St. Paul Federal Credit Union shall consider the loan modifications. If the Debtor fails to complete the loan modification process by April 15, 2019 or fails to provide any requested documentation or information by any prescribed deadline or the loan modification application is denied, CitiMortgage, Inc. and St. Paul Federal Credit Union shall be entitled to move for relief from the automatic stay. |

| Class of Payment | | Amount to be paid |
|------|------|------|
| Payments by trustee's [Part 3] | $ | **2,130.00** |
| Home Mortgage Defaults [Part 7] | $ | **0.00** |
| Claims in Default [Part 8] | $ | **3,006.95** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ | **4,799.50** |
| Secured claims excluded from § 506 [Part 10] | $ | **0.00** |
| Priority Claims [Part 11] | $ | **11,108.40** |
| Domestic support obligation claims [Part 12] | $ | **0.00** |
| Separate classes of unsecured claims [Part 13] | $ | **0.00** |
| Timely filed unsecured claims [Part 14] | $ | **255.15** |
| TOTAL (must equal line 2.5) | $ | **21,300.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: **/s/ JOHN D. LAMEY III**

**JOHN D. LAMEY III 0312009**
Attorney for debtor or debtor if pro se

Signed: **/s/ GARY WARD ATKINSON**

**GARY WARD ATKINSON**
Debtor 1

Signed: _____

Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re                                                    Case No. **18-32633 KAC**

**GARY WARD ATKINSON**

Debtor(s).

# SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____ )

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1.  The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2.  The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3.  **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4.  I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5.  My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6.  **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: **March 12, 2019**

X _____          X _____
Signature of Debtor1 or Authorized              Signature of Debtor 2
Representative

**GARY WARD ATKINSON**
Printed Name of Debtor 1 or                     Printed Name of Debtor 2
Authorized Representative

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| IN RE:  GARY W ATKINSON | CASE NO: 18-32633 |
|---|---|
| | **DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 3/12/2019, I did cause a copy of the following documents, described below,

Notice of Hearing on Modified Plan and Modified Plan dated 3-12-19

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/12/2019

/s/ John D. Lamey III
John D. Lamey III  0312009
Lamey Law Firm, P.A.
980 Inwood Ave N
Oakdale, MN  55128
651 209 3550

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:  GARY W ATKINSON

CASE NO: 18-32633

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 3/12/2019, a copy of the following documents, described below,

Notice of Hearing on Modified Plan and Modified Plan dated 3-12-19

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/12/2019

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
John D. Lamey III
Lamey Law Firm, P.A.
980 Inwood Ave N
Oakdale, MN  55128

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO
 LABEL MATRIX FOR LOCAL NOTICING
08643
CASE 18-32633
DISTRICT OF MINNESOTA
ST PAUL
TUE MAR 12 14-18-08 CDT 2019

US BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR
CO SHAPIRO  ZIELKE LLP
12550 WEST FRONTAGE SUITE 200
BURNSVILLE MN 55337-2475

EXCLUDE
ST PAUL
200 WARREN E BURGER FEDERAL BUILDING
AND
US COURTHOUSE
316 N ROBERT ST
ST PAUL MN 55101 1465

CITIMORTGAGE INC
PO BOX 6030
SIOUX FALLS SD 57117-6030

CITIMORTGAGE INC
CITIMORTGAGE INC
CITIMORTGAGE INC
CITIMORTGAGE INC
PO BOX 6043
SIOUX FALLS SD 57117-6043

EVERGREEN COMMUNITY ASSOICATION
PO BOX 25603
SAINT PAUL MN 55125-0603

EVERGREEN COMMUNITIES
CO FIRST SERVICE RESIDENTIAL
1801 AMERICAN BLVD E
STE 21
BLOOMINGTON MN 55425-1230

EVERGREEN COMMUNITY ASSOCIATION THE
FIRSTSERVICE RESIDENTIAL
1801 AMERICAN BLVD EAST 21
BLOOMINGTON MN 55425-1230

IRS
PO BOX 7346
PHILADELPHIA PA 19101-7346

MERRICK BANK
PO BOX 5000
DRAPER UT 84020-5000

MINNESOTA DEPT OF REV
PO BOX 64447 BKY DIVISION
SAINT PAUL MN 55164-0447

SHAPIRO  ZIELKE LLP
12550 WEST FRONTAGE ROAD SUITE 200
BURNSVILLE MN 55337-2475

ST PAUL FEDERAL CREDIT UNION
1330 CONWAY STREET 200
SAINT PAUL MN 55106-5856

SYNERGY LAW LLC
8801 SUDLEY RD 4017
MANASSAS VA 20110-9998

EXCLUDE
US TRUSTEE
1015 US COURTHOUSE
300 S 4TH ST
MINNEAPOLIS MN 55415 3070

DEBTOR
GARY WARD ATKINSON
PO BOX 251211
SAINT PAUL MN 55125-6211

EXCLUDE
GREGORY A DURRELL
100 SOUTH FIFTH STREET
SUITE 400
MINNEAPOLIS MN 55402 1250

EXCLUDE
JOHN D LAMEY III
LAMEY LAW FIRM PA
980 INWOOD AVE N
OAKDALE MN 55128 6625